# GOLDSTEIN & RUSSELL, P.C.

7475 Wisconsin Ave.
Suite 850
Bethesda, MD  20814

September 9, 2021

[VIA CM/ECF]

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re: Letter Pursuant to Fed. R. App. P. 28(j) in *B.R. v. F.C.S.B.*, No. 21-1005

Dear Clerk Connor,

I write regarding authorities found after our brief was filed. We argued that if the jurisdictional allegations in the complaint were defective, 28 U.S.C. § 1653 "authorizes the remedy afforded here, *i.e.*, permitting Plaintiff retroactively to proceed pseudonymously." RB17. Defendants replied that "Section 1653 itself does not provide for relation-back in this situation. And *none* of Plaintiff's § 1653 cases holds that it does." Reply 11.

Defendants note that our cases did not expressly address relation back. Defendants, however, cited no cases holding that Section 1653 cures *do not* relate back. To clear up any potential confusion from the absence of authority, we sought appellate cases on point.

The authority we found holds that "[a]mendments curing a defective statement of subject-matter jurisdiction . . . will relate back" under Federal Rule of Civil Procedure Rule 15(c)(1)(B), which provides for relation back when amended claims arise out of the same conduct or occurrence as the original pleading. 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1497, Westlaw (4th ed., database updated April 2021) (footnotes omitted); *see also Smith v. Town of Clarkton*, 682 F.2d 1055, 1059-60 (4th Cir. 1982) (finding relation back when complaint was amended shortly before trial to assert new basis for subject matter jurisdiction); *T Mobile Ne. LLC v. City of Wilmington*, 913 F.3d 311, 328 (3d Cir. 2019) ("Relation back has been allowed to address jurisdictional problems."); *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 163 (2d Cir. 2001) (per curiam) ("As a general matter, it is widely accepted that amendments to cure subject matter jurisdiction relate back."); *Carney v. Resol. Tr. Corp.*, 19 F.3d 950, 954 (5th Cir. 1994) (per curiam) ("Relation back to the date of the original filing applies even

Patricia S. Connor
2 of 2

when the amendment states a new basis for subject matter jurisdiction."); *Burnstein v. Columbia Broad. Sys., Inc.*, 291 F.2d 8, 10 (7th Cir. 1961) (allowing amendment under Section 1653 after statute of limitations had run).

We are unaware of contrary appellate cases.

Kind regards,

Tejinder Singh