

HUNTON ANDREWS KURTH LLP
RIVERFRONT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VIRGINIA 23219-4074

TEL    804 • 788 • 8200
FAX   804 • 788 • 8218

ELBERT LIN
DIRECT DIAL: 804 • 788 • 7202
EMAIL: elin@HuntonAK.com

September 19, 2021

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re:   Response to B.R.'s Rule 28(j) Letter in *B.R. v. F.C.S.B.*, No. 21-1005

Dear Clerk Connor:

Defendants-Appellants respectfully respond to Plaintiff's September 9, 2021 "[l]etter [p]ursuant to Fed. R. App. P. 28(j)." As a threshold matter, Plaintiff's letter is an improper surreply. By its own admission, the letter seeks to respond to a specific point made in Appellants' reply, not to bring previously unavailable authority to the Court's attention. Plaintiff has already sought and been denied leave to file a surreply. ECF 73. This second attempt—which tries to evade the requirement to seek leave—should be denied as well.

In any event, the letter merely illustrates Plaintiff's continued effort to sidestep and mischaracterize the core issue in this case. According to Plaintiff, Section 1653 permits "'[a]mendments curing a defective statement of subject-matter jurisdiction . . . [to] relate back'" under Federal Rule of Civil Procedure 15. Letter 1. True enough. But as Appellants explained in their reply, Section 1653 "does not provide for relation-back *in this situation*." Reply 11 (emphasis added). While the statute permits amendments of defective *allegations*, this case does not involve a defective *allegation*. 28 U.S.C. § 1653 (allowing amendment for only "[d]efective allegations"). The issue here is that there was, *in fact*, no jurisdiction when Plaintiff filed her original complaint, and it did not exist until she proffered her true identity to the Court.

The Supreme Court explained this important distinction—and limitation on Section 1653—in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989). There, a plaintiff sued multiple defendants, one of whom was indisputably not diverse. The Court held that Section 1653 could not be used to amend the complaint, because the statute "allows appellate courts to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." *Id.* at 831. The statute "would apply" if the defendant was actually diverse but the plaintiff failed to say so in her complaint, but it had no application because "diversity jurisdiction d[id] not, in fact, exist." *Id.*

ATLANTA    AUSTIN    BANGKOK    BEIJING    BOSTON    BRUSSELS    CHARLOTTE    DALLAS    DUBAI    HOUSTON    LONDON
LOS ANGELES    MIAMI    NEW YORK    NORFOLK    RICHMOND    SAN FRANCISCO    THE WOODLANDS    TOKYO    TYSONS    WASHINGTON, DC
www.HuntonAK.com



Patricia S. Connor, Clerk
September 19, 2021
Page 2

      So, too, here. The question is whether Plaintiff's failure to seek leave to file pseudonymously was, as a factual matter, a jurisdictional defect. If so, then Section 1653 "is irrelevant," as Appellants have explained. Reply 11.

                              Sincerely,

                              /s/ Elbert Lin

                              Elbert Lin